**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

_____

|  |  |  |
|---|---|---|
| **METROPOLITAN LIFE INSURANCE COMPANY,** | : | |
| | : | |
| | : | |
| **MetLife,** | : | **Civil Action No. 16-7486 (KM) (MAH)** |
| | : | |
| **v.** | : | |
| | : | |
| **JANET TEIXEIRA, through her legal guardian KAREN SARTO and GABRIELA RAMIREZ,** | : | |
| | : | |
| | : | **REPORT AND RECOMMENDATION** |
| **Defendants.** | : | |

_____

     This matter comes before the Court by way of an Order to Show Cause, directing Defendant Gabriela Ramirez to appear before the Undersigned to explain why her claim to the subject insurance proceeds in this interpleader action should not be dismissed or default entered against her as a result of her failure to attend a court-ordered settlement conference and to respond to the Complaint.  For the reasons set forth below, the Undersigned respectfully recommends that the District Court: (1) enter default against Defendant Gabriela Ramirez; (2) enter default judgment against Gabriela Ramirez; and (3) direct the Clerk of the Court to relinquish the $34,901.27 interpleader deposit plus interest to Defendant Karen Sarto.

**I.     BACKGROUND**

     This interpleader action pertains to John T. Teixeira's life insurance benefits arising from an employer-issued policy subject to ERISA.  _See_ Compl. ¶ 7, Oct. 17, 2016, D.E. 1.  The District Court previously set forth the factual background of this matter in its Opinion on Plaintiff Metropolitan Life Insurance Company's ("MetLife") Motion for Interpleader dated September 8, 2017.  As the Court noted,

> The plaintiff, [MetLife], owes either Karen Sarto or Gabriela Ramirez life insurance benefits payable as a result of the death of John J. Teixeira. Sarto is Teixeira's daughter and co-guardian of Teixeira's spouse, Janet Teixeira. Ramirez was Teixeira's girlfriend. Each has submitted a claim for the benefits—Sarto on behalf of Janet, and Ramirez on her own behalf. MetLife says it can't determine which should receive them; stuck in the middle, MetLife has sought interpleader relief.

Op. at 1, Sept. 8, 2017, D.E. 6.

> The two alleged beneficiary designations arose in the following manner:

>> Initially, Teixeira designated Janet Teixeira, his spouse, as the sole beneficiary of the Plan. MetLife's records state that he did this, not in writing, but by telephone on March 21, 2003.

>> Years later, on July 22, 2015, Teixeira named Ramirez as the sole beneficiary. Again, MetLife's records state that he did this by telephone.

>> About nine months later, on April 1, 2016, Teixeira died. Sarto as guardian claimed the Benefits on Janet's behalf. On May 13, 2016, Sarto submitted to MetLife a copy of a Certificate of Death for Teixera, as well as a copy of a Judgment of Legal Incapacity, dated January 26, 2016, appointing Sarto as co-guardian of Janet.

>> At some point, Sarto, acting as Janet Teixeira's co-guardian, learned of the July 2015 designation change, naming Ramirez, and not Janet, as the beneficiary of Teixeira's policy. On June 18, 2016, Sarto sent MetLife a letter stating that Teixeira was incompetent at the time he made the July 2015 designation of Ramirez as beneficiary. . . .

>> Shortly thereafter, on June 27, 2016, Ramirez sent MetLife a competing claim for the Benefits. Ramirez's statement identified her as Teixeira's "girlfriend."

*Id.* at 3-4 (internal citations omitted).

MetLife filed this Complaint in Interpleader on October 17, 2016.  *See generally* Compl., D.E. 1.  MetLife attached a Life Insurance Claim Form executed by Ramirez as an exhibit to its Complaint, which identified 100 Montgomery Street, Apt. 15D, Jersey City, New Jersey, 07302 as Ms. Ramirez's mailing address.  *See id.*, Ex. G.  Ms. Ramirez subsequently executed a Waiver

of the Service of Summons and provided the same address. Ramirez Waiver, November 11, 2016, D.E. 4.

On September 8, 2017, the District Court granted MetLife's unopposed Motion for Interpleader. *See* Order, D.E. 5. In accordance with the Order, MetLife deposited $34,901.27 into the Registry of this Court, which represents the policy's benefits less MetLife's fees and costs. Clerk's Certificate of Cash Deposit, Sept. 27, 2017, D.E. 8. The Undersigned scheduled a settlement conference for March 18, 2019. Order, Dec. 27, 2018, D.E. 9. The December 27, 2018 Order was mailed via certified mail and first-class mail to Ms. Ramirez at the Jersey City address but was returned as undeliverable. *See* D.E. 10, 11. On January 10, 2019, this Court entered an Order directing MetLife's counsel to mail "the previous notice to the defendants[] via overnight mail delivery instead of first-class and certified mail." Order, D.E. 13.

Over the next several months, multiple attempts to contact Ms. Ramirez were made in conjunction with the parties' and the Undersigned's attempt to move this case forward. Those efforts were unsuccessful. First, the Undersigned adjourned the in-person settlement conference from March 18, 2019 to April 29, 2019, after it appeared that Ms. Ramirez's appearance at the conference was unlikely. This Court directed MetLife's counsel to mail a copy of the notice to Defendants via first-class and regular mail. MetLife subsequently informed this Court that its correspondences to Ms. Ramirez were returned as undeliverable. *See* Letter, Mar. 12, 2019, D.E. 17; Cert. of Service, Mar. 12, 2019, D.E. 18; Letter, Apr. 12, 2019, D.E. 19.

On April 10, 2019, this Court entered an Order that reiterated that the settlement conference shall proceed as scheduled and that both claimants were required to appear in person. Order, D.E. 20. This Court again directed counsel for Metlife to mail a copy of the Order to Defendants via first-class and certified mail. *Id.* The next day, MetLife's counsel sent notice of the April 29,

2019, settlement conference to Ms. Ramirez at the Jersey City address via first-class mail and certified mail, return-receipt-requested. *See* Cert. of Service, Apr. 11, 2019, D.E. 21. MetLife also sent the notice to two other potential addresses that counsel had located for Ms. Ramirez. *Id.*

Ms. Ramirez did not appear at the scheduled settlement conference. Nor did she contact the Undersigned's chambers to request an adjournment the conference or to advise the Court of her unavailability. As a result, on April 29, 2019, the Undersigned issued an Order to Show Cause directing Ms. Ramirez to appear on May 13, 2019 to show cause as to why her claim to the insurance proceeds should not be dismissed or stricken, or default entered against her, for her failure to appear at the settlement conference, or otherwise appear in this matter and respond to the Complaint. *See* Order, Apr. 29, 2019, D.E. 22 (citing Fed. R. Civ. P. 16(f)). The Order was mailed to Ms. Ramirez at all three addresses on record via first class and certified mail. Each envelope enclosing the Orders was returned to the Court and marked "unable to forward . . . return to sender." *See* D.E. 28, 29, 30. All but one envelope contained the word "deceased."[1] *Id.*

On May 14, 2019, MetLife filed an Amended Complaint substituting the Estate of Janet Teixeira for Janet Teixeira. *See generally* Am. Compl., D.E. 25. On May 24, 2019, MetLife's counsel filed a letter stating that it had attempted to serve Ms. Ramirez with a copy of the amended pleading; however, the envelope enclosing the letter was stamped "return to sender" and "deceased." Letter, May 24, 2019, D.E. 26. Ms. Sarto subsequently filed an Answer to the Amended Complaint. *See* Answer, June 3, 2019, D.E. 28. The Undersigned scheduled a telephone status conference for December 11, 2019. In anticipation of the conference, Ms. Sarto wrote to

---

[1] It remains unclear who wrote "deceased" on the envelope. Furthermore, the Court has not been provided with a death certificate. Based on the envelopes alone, the Court cannot, in good faith, conclude that Ms. Ramirez is in fact deceased. Accordingly, the Court does not rely on this fact in reaching the conclusions set forth below.

the Undersigned requesting this Court attempt to resolve the matter.  Letter, Nov. 22, 2019, D.E. 34.  Ms. Sarto contended that the benefits should be distributed to the Estate of Janet Teixeira based on the invalidity of Ms. Ramirez's beneficiary designation, and due to Ramirez's failure to appear in this lawsuit.  *See id.*

The Undersigned held the scheduled telephone conference on the record at which time MetLife attested that it has had no contact with Ms. Ramirez or anyone on her behalf in the past three years.  This Court also confirmed, based on a review of the record, that Ms. Ramirez has done nothing since the inception of this action to: (1) respond to the Complaint or Amended Complaint; (2) appear at court-ordered conferences; (3) respond to court orders, including the Order to Show Cause; (4) update her address; and (5) otherwise litigate this action to protect her interests.

By way of the instant Report and Recommendation, the Undersigned respectfully submits that Ms. Ramirez's failure to participate or otherwise appear in this matter warrants the entry of a final judgment in this action.

## II.    LEGAL ANALYSIS

### A.    *Poulis* Factors & Default

Under Federal Rule of Civil Procedure 16(f)(1), the Court "may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)–(vii), if a party or its attorney: (A) fails to appear at a scheduling or other pretrial conference; (B) is substantially unprepared to participate— or does not participate in good faith—in the conference; or (C) fails to obey a scheduling or other pretrial order."   Rule 37 prescribes, in relevant part, that the court may strike pleadings or "dismiss[] the action or proceeding in whole or in part[.]"  Fed. R. Civ. P. 37(b)(2)(A); *see also United States v. One Million Three Hundred Twenty-Two Thousand Two Hundred Forty-Two*

*Dollars and Fifty Cents ($1,322,242.58)* 938 F.2d 433 (3d Cir. 1991) (holding that the District Court did not abuse its discretion by dismissing claims to money seized by the Government as a sanction for noncompliance with discovery); *see also United States v. United States Currency in the Amount of Six Hundred Thousand Three Hundred Forty One Dollars and No Cents ($600,341.00),* 240 F.D.R. 59 (E.D.N.Y 2007) (holding that parties in *in rem* civil forfeiture actions are subject to sanctions for discovery violations under Rule 37(b)(2)(C)); *United States v. Proceeds of Drug Trafficking Transferred to Certain Foreign Bank Accounts,* 252 F.R.D. 60, 62 (D.D.C. 2008) (holding that Rule 37 allows the court to apply sanctions to any party in the case).

To determine whether dismissal is appropriate, the Court must balance the six *Poulis* factors: (1) the extent of the party's personal responsibility, (2) prejudice to the adversary, (3) history of dilatoriness, (4) willful or bad faith conduct of an attorney, (5) alternative sanctions, and (6) meritoriousness of the claim or defense. *See Emerson v. Thiel College*, 296 F.3d 184, 190 (3d Cir. 2002); *Poulis v. State Farm Fire & Cas. Co.,* 747 F.2d 863 (3d Cir. 1984). No single factor is dispositive, and dismissal may be appropriate even if some of the factors are not met. *Hovey v. LaFarge N. Am. Inc.*, No. 07-2193, 2008 WL 305701, at *2 (D.N.J. Jan. 29, 2008) (citing *Mindek v. Rigatti*, 964 F.2d 1369, 1373 (3d Cir. 1992)); *see also Vrlaku v. Citibank*, No. 05-1720, 2005 WL 2338852, at *2-3 (D.N.J. Sept. 23, 2005) ("A Court may raise a motion to dismiss an action under Rule 41 sua sponte under its inherent case management powers."); *ODTA Systems LLC v. Daewood Elecs. Am.*, 483 F. Supp. 2d 400, 404 (D.N.J. 2007) ("Failure to prosecute does not require that a party take affirmative steps to delay the case. A failure to comply with court orders, failure to respond to discovery or other failure to act is sufficient to constitute lack of prosecution.").

### i.    The extent of the party's personal responsibility

Since executing the waiver of service in November 2016, and despite numerous efforts by the Court and parties to communicate with her, Ms. Ramirez has taken no action to pursue her claim and has failed to comply with all court orders.  Accordingly, the Court concludes that Ms. Ramirez does not intend to further litigate her claim and has willfully chosen to abandon the suit.  Accordingly, the first *Poulis* factor weighs strongly in favor of entering default.

### ii.    Prejudice to the Adversary

Next, the Court must consider whether Ms. Ramirez's failure to act in this litigation has prejudiced her adversaries.  Prejudice is not limited to irreparable harm—it may include depriving a party of necessary information or the ability to prepare for trial.  *See Clarke v. Nicholson*, 153 F. App'x 69, 73 (3d Cir. 2005) (citing *Ware v. Rodale Press, Inc.*, 322 F.3d 218, 222-24 (3d Cir. 2003)); *Porten v. Auto Zone*, Civil Action No. 10-2629, 2011 WL 2038742, at *2 (D.N.J. May 24, 2011).  Ms. Ramirez failed to appear for two in-person conferences before this Court:  one on April 29, 2019 and the other on May 13, 2019.  Ms. Sarto appeared and was prepared for the April 29, 2019, settlement conference.  Ms. Sarto also appeared telephonically on May 13, 2019—the date that Ms. Ramirez was required to appear before this Court to show cause why her claim to Mr. Teixeira's life insurance proceeds should not be dismissed.  Apart from those instances, Ms. Ramirez has taken no steps to move this case forward since November 2016.  That, in turn, has hindered Ms. Sarto's ability to a prepare a response to Ms. Ramirez's claim.  It also has substantially delayed resolution of this matter.  As such, the second *Poulis* factor also weighs strongly in favor of entering default against Ms. Ramirez.

### iii.    History of Dilatoriness and Bad Faith

The third and fourth *Poulis* factors require the Court to consider the extent and history of Ms. Ramirez's dilatoriness and whether she has acted in bad faith. Ms. Ramirez's dilatoriness and failure to comply with court orders is well documented. Moreover, Ms. Ramirez has not attempted to undertake any corrective action or explained her delinquencies, even when required specifically to do so in response to the Order to Show Cause. The Court therefore must conclude that her failure to comply with its Orders has been willful. *Porten*, 2011 WL 2038742, at *2. Accordingly, the third and fourth *Poulis* factors also strongly weigh in favor of entering default against Ms. Ramirez.

### iv.    Alternative Sanctions

The fifth factor also favors entering default against Ms. Ramirez. First, Ms. Ramirez's failure to comply with multiple Orders strongly suggests that she has abandoned her claims. *Porten*, 2011 WL 2038742, at *3. Second, the Third Circuit has recognized that monetary sanctions such as fines, costs, and attorneys' fees may be inappropriate or impractical in certain situations. *Emerson v. Thiel College*, 296 F.3d 184, 191 (3d Cir. 2002). Ms. Ramirez's failure to comply with Court orders or otherwise act since she executed a Waiver of the Service of Summons in November 2016 strongly indicates that she has abandoned her claim. Therefore, entry of default is the appropriate remedy.

### v.    Meritoriousness of the Claim or Defense

Finally, the Court must consider the merits of Ms. Ramirez's claims. Here, however, the Court cannot adequately assess this factor due to her failure to comply with the Court's orders. *Porten*, 2011 WL 2038742, at *3 (citing *Devito v. C.M.S. Dep't*, Civil Action No. 05-3438, 2006 WL 756014, at *3 (D.N.J. March 17, 2006)). Accordingly, this factor weighs neutrally.

\*      \*      \*

On balance, the *Poulis* factors weighs in favor of entry of default against Ms. Ramirez. Having determined that the entry of default is proper, the Court now assesses whether default judgment is permissible under the facts of this matter.

### B.    Default Judgment

"Before entering default judgment the court must: (1) determine it has jurisdiction both over the subject matter and parties; (2) determine whether defendants have been properly served; (3) analyze the Complaint to determine whether it sufficiently pleads a cause of action; and (4) determine whether the MetLife has proved damages." *Prudential Ins. Co. of Am. v. Wisneski*, No. 18-15261, 2019 WL 2412928, at \*1 (D.N.J. May 13, 2019), *report and recommendation adopted*, 2019 WL 2411762 (D.N.J. June 7, 2019).

There are two methods for properly bringing an interpleader action in federal court:

> The first [method] is the interpleader statute, 28 U.S.C. § 1335. District Courts have subject matter jurisdiction under this provision if there is "minimal diversity" between two or more adverse claimants, and if the amount in controversy is $500 or more. The second is Federal Rule of Civil Procedure 22. Unlike its statutory counterpart, rule interpleader is no more than a procedural device; MetLife must plead and prove an independent basis for subject matter jurisdiction.

*Metro. Life Ins. Co. v. Price*, 501 F.3d 271, 275 (3d Cir. 2007) (citations omitted). Accordingly, rule interpleader necessitates either the invocation of diversity jurisdiction or federal question jurisdiction. *Id.* (citation omitted).

The Undersigned holds that this Court has subject matter jurisdiction over this action because MetLife's Complaint "establishes that its cause of action arises under ERISA." *Id.* at 282. Here, MetLife, as the claim fiduciary, "makes no claim to the Plan Benefits other than payment of its reasonable attorney's fees and costs in connection with this matter." Compl., Oct. 17, 2016,

D.E. 1, at ¶ 24. MetLife, however, "is ready, willing, and able to pay the Plan Benefits, in accordance with the terms of the Plan, in such amounts to whichever Defendant or Defendants the Court shall designate." *Id.* at ¶ 25. To see that that the life insurance proceeds are disbursed to the proper claimant, MetLife has deposited $34,901.27 into the Court's Registry. Clerk's Certificate of Cash Deposit, Sept. 27, 2017, D.E. 8. As the Third Circuit has held, "[t]his is enough to confer subject matter jurisdiction under ERISA." *Metro. Life Ins. Co.*, 501 F.3d at 277.

The Undersigned also concludes that the Court has personal jurisdiction over Ms. Ramirez as she is allegedly domiciled in Jersey City, New Jersey. *See Prudential Ins. Co.*, 2019 WL 2412928, at *1. As Ramirez executed a Waiver of the Service of Summons under Federal Rule of Civil Procedure 4, the Court's analysis on service need go no further. *See* Waiver of Service, D.E. 4.

Lastly, MetLife's Complaint sufficiently pleads a cause of action. Given the competing claims for the benefit proceeds, MetLife "cannot determine the proper beneficiary of the Plan Benefits at issue without risking exposure of itself, the Plan, and PSEG to multiple liabilities." Compl., Oct. 17, 2016, D.E. 1, at ¶ 21.

Additionally, "prior to granting default judgment, the Court must make factual findings as to: (1) whether the party subject to the default has a meritorious defense; (2) the prejudice suffered by the party seeking default judgment; and (3) the culpability of the party subject to default." *Prudential Ins. Co. of Am.*, 2019 WL 2412928, at *1. As for the first factor, Ms. Ramirez has not filed an Answer in this matter. Therefore, she has provided no basis for this Court to conclude that she has a meritorious claim or defense to Ms. Sarto's claim. *See id.* at *2 ("[B]y not filing a responsive pleading, defendant . . . chose not to assert a claim to the funds at issue"). As noted above, Ms. Ramirez's failure to participate in this action since effectuating the waiver of service

has prejudiced Ms. Sarto.  This matter commenced in 2016 and is no closer to resolution.  Third, Ms. Ramirez is culpable as she was aware of this matter; however, she has chosen not to appear. S*ee id.* at *2 (finding defendant culpable "as she has been personally served and has chosen not to appear in this case").

Accordingly, the Undersigned respectfully recommends that the District Court enter default judgment against Ms. Ramirez and direct the Clerk of the Court to relinquish the $34,901.27 interpleader deposit plus interest to Karen Sarto.

**IV.    CONCLUSION**

Based on the foregoing, this Court respectfully recommends that the District Court: (1) enter default against Defendant Gabriela Ramirez, (2) enter default judgment in Defendant Karen Sarto's favor and against Defendant Gabriela Ramirez, and (3) direct the Clerk of the Court to relinquish the $34,901.27 interpleader deposit plus interest to Ms. Sarto.

The parties have fourteen days to file and serve objections to this Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 7.1(c)(2).

**s/ Michael A. Hammer**
**UNITED STATES MAGISTRATE JUDGE**

**Date:        February 20, 2020**